# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 27, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**COLE TRUCK PARTS, INC.,**
**Employer Below, Petitioner**

vs.)　No. 15-0781 (BOR Appeal No. 2050299)
　　　　　　　　　(Claim No. 2013017544)

**ROBERT LEEBER II,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cole Truck Parts, Inc., by Lisa Warner Hunter, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Robert Leeber II, by Reginald D. Henry and Rodney A. Skeens, his attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 24, 2015, in which the Board affirmed a March 4, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's November 29, 2012, decision rejecting the claim and instead held the claim compensable for bladder cancer. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Leeber, an automotive painter, developed bladder cancer in the course of and resulting from his employment with Cole Truck Parts, Inc. Treatment notes from Greenbrier Valley Medical Center dated April 22, 2011, indicate Mr. Leeber was seen for blood and clots in his urine. A CT scan showed a bladder mass or hematoma to the left. He underwent surgery on April 23, 2011, and the surgical pathology report showed a urothelial, papillary, noninfiltrative carcinoma of high grade malignancy. Mr. Leeber was treated by Thomas Kowalkowski, M.D., with chemotherapy from May of 2011 through January of 2014. Mr. Leeber completed an

1

application for benefits on June 9, 2011, in which he alleged that his bladder cancer was the result of occupational paint and chemical exposure.

Christopher Martin, M.D., performed a record review on November 14, 2012, in which he noted that no detailed exposure history was available and there were no material safety data sheets in the record. Dr. Martin stated that bladder cancer is recognized to be an occupational cancer in some cases. Recognized occupational exposures include aromatic amines, arsenic, halogenated hydrocarbons, polycyclic aromatic hydrocarbons, and ionizing radiation. Dr. Martin opined that based on the very limited information available, Mr. Leeber did not have any unusual exposure to any of those agents sufficient to cause bladder cancer. Dr. Martin noted that the International Agency for Research on Cancer estimates that working as a painter increases the risk of bladder cancer by about 25%. However, he also noted that Mr. Leeber only painted cars and that painters from the study were from very diverse settings. He further stated that bladder cancer from exposure to chemicals usually takes ten to thirty years to develop. Mr. Leeber's occurred too soon to be occupationally related. Finally, Dr. Martin stated that the most well recognized external cause of bladder cancer is cigarette smoking which accounts for 50% of new cases and increases the risk by 300%. Mr. Leeber admitted to being a cigarette smoker. Dr. Martin ultimately concluded that there was not enough exposure information in the record to conclude that the bladder cancer was occupationally related. The claims administrator rejected the claim on November 29, 2012.

In an affidavit, Mr. Leeber stated that his earliest exposure to auto paint fumes was from 1992 to 2002 when he worked for Charlie Earhart Dodge. He stated that he used a respirator when he painted but did not have a paint suit. He stated that he worked for Grime Fighters for two years where he was exposed to paint and fumes. He worked for Cole Truck Parks, Inc., for three years priming and painting cars. He stated that he was exposed to paint and fumes every day. He asserted that he worked in a paint booth that did not seal correctly and therefore filled with fumes. Mr. Leeber stated that the fresh air system was broken in the shop as well and the ventilation system was inadequate.

Dr. Kowalkowski stated in a January 30, 2014, letter that Mr. Leeber reported a long history of occupational exposure to paints used in the repair of automobile work. Due to the long history and reports of increased bladder cancer associated with exposure to those chemicals, Dr. Kowalkowski felt that Mr. Leeber's bladder cancer was very likely related to his occupational exposure. Mr. Leeber was much younger than the average age for the condition. On May 23, 2013, Dr. Kowalkowski reiterated that Mr. Leeber's work exposure significantly contributed to the causation of his bladder cancer.

On June 16, 2014, Mr. Leeber testified in a deposition that he had no bladder issues prior to his bladder cancer. He stated that following his cancer and treatment, he has been on medication to manage his pain. He admitted to being a pack a day smoker from the time he was sixteen until he was diagnosed with bladder cancer. He stated that when he worked for Charlie Earhart Dodge, he used a respirator but no other protective equipment. The paint booth in that garage was inadequate. Mr. Leeber owned his own business for approximately two and a half years and painted two to three cars in that time period. He next worked for Grime Fighters for

2

approximately three years. He painted six to eight hours a week while there. He asserted that the paint box at Grime Fighters was not up to standards. Mr. Leeber testified that when he worked for Cole Truck Parts, Inc., he was exposed to cleaners, paints, primers, and sealers. He stated that Cole Truck Parts, Inc., had an actual paint booth, respirators, and paint suits; however, the fresh air systems were broken for some time and did not work properly even after they were repaired. He stated that when he worked for Cole Truck Parts, Inc., he always had paint on his skin when he got home and it was in a much larger amount than when he worked for other employers. Mr. Leeber stated that he was granted social security disability, and his doctors have recommended that he not return to the automotive repair field. Mr. Leeber described episodes while he worked at Cole Truck Parts, Inc., where he would come home and feel shaky, nauseous, and dizzy. He stated that he experienced the episodes approximately twice a week. He did not experience them before working at Cole Truck Parts, Inc., and they ceased after he stopped working there.

On November 4, 2014, Dr. Martin performed a second medical review in which he noted that Mr. Leeber was young, thirty-eight, when he was diagnosed with bladder cancer, which points to an occupational cause. He found that Mr. Leeber reported a high level of exposure while working for Cole Truck Parts, Inc. He also had a history suggestive of symptoms of acute over exposure during his employment there. However, Dr. Martin noted that Mr. Leeber is a smoker, which increases his chance of bladder cancer by 300%. Dr. Martin found a host of carcinogens that he was exposed to, but none of them were implicated as causing bladder cancer. Finally, Dr. Martin found that the very short time between when Mr. Leeber began working for Cole Truck Parts, Inc., and when he developed cancer, two and a half years later, calls in to question whether the cancer was occupationally related. Dr. Martin stated that the Centers for Disease control placed the minimum latency period for bladder cancer at four years. Dr. Martin then consulted peer-reviewed medical literature and determined that the average latency period is much longer. However, he acknowledged that the studies were conducted several decades ago and therefore not reflective of current workplace conditions. Considering all of the factors, particularly the latency period, Dr. Martin concluded that Mr. Leeber's bladder cancer was not occupationally related.

The Office of Judges reversed the claims administrator's decision on March 4, 2015, and held the claim compensable for bladder cancer. The Office of Judges found that Mr. Leeber worked for Cole Truck Parts, Inc., from February 2008 to April of 2011 as a full-time painter after the first six months. He also worked as a painter in previous jobs. Mr. Leeber testified that he performed the same work at each job and was exposed to the same types of chemicals. However, he painted more frequently while working for Cole Truck Parts, Inc. The Office of Judges found that the medical evidence consisted mainly of treatment notes and letters from Dr. Kowalkowski and reports from Dr. Martin. Dr. Kowalkowski opined that Mr. Leeber's bladder cancer was very likely related to his occupational exposure to automotive paints. He stated that he is much younger than the average age of a person with bladder cancer. Dr. Martin provided a list of evidence for a causal relationship which included Mr. Leeber's employment as a painter, his young age at diagnosis, his high level of exposure to paint, and his experience of symptoms suggestive of acute overexposure to paint or chemicals on a frequent basis. Dr. Martin also found evidence against a causal relationship including his smoking history, a lack of objective measurements of paint and chemical exposure, and the short latency period between the

occupational exposure and the development of bladder cancer. Dr. Martin concluded that Mr. Leeber's bladder cancer was not occupationally related. The Office of Judges found that Dr. Kowalkowski's findings were persuasive due to Mr. Leeber's reported exposure history and the increase in bladder cancer associated with the exposure. It was determined that Dr. Martin placed particular emphasis on the latency period usually seen for bladder cancer; however, the Office of Judges concluded that the studies Dr. Martin relied on were several decades old. The studies were found to not be reflective of current work place conditions. The Office of Judges therefore ultimately held the claim compensable. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 24, 2015.

After review, we agree with the reasoning and conclusions of the Office of Judges and Board of Review. Mr. Leeber was exposed to a high level of paint and chemicals while working for Cole Truck Parts, Inc. He testified that his exposure was much higher there than at his previous jobs and that he frequently experienced symptoms of overexposure while working for Cole Truck Parts, Inc. His occupation places him at a greater risk of developing bladder cancer, and his age at diagnosis was much younger than average, which points to an occupational cause. The Board of Review committed no eversible error in its affirmation of the Office of Judges' Order.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 27, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II